UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-150 |
| | ) | (VARLAN/GUYTON) |
| ERICK HIGGINS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court, as may be appropriate. This case came before the Court on May 1, 2009, to address two pending motions, Defendant's Motion to Continue [Doc. 32] and Motion for Permission to File Late-Filed Motions [Doc. 33]. Assistant United States Attorney Tracy Stone was present representing the Government. Attorney Kevin Angel was present representing the Defendant, who was also present.

At the hearing, Attorney Angel first addressed the Motion for Permission to File Late-Filed Motions [Doc. 33]. Attorney Angel explained that due to an error using the Court's electronic filing system, he inadvertently failed to file a number of pretrial motions in this matter. These motions concerned, among other things, suppression of evidence from a wire tape and subsequent interrogations. Attorney Angel felt these motions were vital to the Defendant's defense. Attorney Angel noted that it would be necessary to move the trial date from May 12, 2009, to have time for argument and consideration of these motions. Attorney Angel stated that the Defendant had

been consulted about continuing the trial, and he wished to waive his Speedy Trial rights because he felt it was in his best interest to pursue these motions. The Defendant was advised that he would remain in custody through the new trial date.

In response, the Government stated that it does not object to either of the Defendant's motions but requested that the motions be filed as soon as possible in order to prevent the trial of this matter from being delayed again.

Based on the foregoing, the Court finds the Defendant's Motion to Continue **[Doc. 32]** and Motion for Permission to File Late-Filed Motions **[Doc. 33]** are well-taken, and they are **GRANTED**.

As to the continuance of the trial, the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that a continuance is required to allow the Defendant the reasonable time necessary to prepare for trial even taking into account counsel's due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Without a continuance, the Defendant will be denied the reasonable time necessary to effectively prepare for trial because he would not be able to make key motions. After the Defendant files his motions, the Government will need time to respond, and this Court will require time to issue and report and recommendation. The parties must be allowed time to object to the report and recommendation, and the District Court must determine whether to adopt the report and recommendation. The Court finds that all of this could not take place before August, and because of the attorneys' schedules in the month of August, the trial must be delayed until the end of August to allow of continuity of counsel, see 18 U.S.C. § 3161(h)(8)(B)(iv).

2

In light of these findings and its granting of the motions, the Court set a new trial date of August 31, 2009, and set new hearing dates and motion filing and response deadlines, as more fully detailed below. The Court finds that the period of time between the filing of the motions on April 22, 2009, and the hearing on May 1, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D). The Court further finds that the period of time between hearing held on May 1, 2009, and the new trial date of August 31, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

Accordingly, it is ORDERED:

1. The Defendant's Motion to Continue **[Doc. 32]** is **GRANTED**;

2. The Defendant's Motion for Permission to File Late-Filed Motions **[Doc. 33]** is also **GRANTED**;

3. The Defendant has up to and including **May 8, 2009**, in which to file motions, and the Government shall respond by **May 22, 2009**;[1]

4. A hearing on the Defendant's motions shall be held **June 16, 2009 at 1:30 p.m.**

5. The pretrial conference is reset for **August 20, 2009 at 1:30 p.m.**, at which time all reciprocal discovery should be completed;

6. A plea negotiation deadline in this matter is set for **August 17, 2009**;

---

[1]The Government stated at the hearing that it intended to file by this deadline, even though a significant scheduling matter may interfere. The Defendant stated, in advance of any request, that he had no objection to the Court giving the Government additional time to respond, should it be needed.

7.  The trial is reset to commence at **9:00 a.m. on August 31, 2009**, before the Honorable Thomas Varlan, United States District Judge; and

8. All time between April 22, 2009, and the new trial date of August 31, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth above.

**IT IS SO ORDERED.**

ENTER:


_____s/ H. Bruce Guyton_____
United States Magistrate Judge