UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-150 |
| | ) | |
| ERIC HIGGINS, | ) | (VARLAN/GUYTON) |
| also known as "Pluke," | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue [Doc. 47] filed on October 19, 2009. The Defendant's motion asked the Court to continue the hearing on the Defendant's Motion to Suppress Wiretap [Doc. 36], Motion to Suppress Statements [Doc. 37], and Motion to Suppress Stop [Doc. 38] scheduled for October 21, 2009 because both the Defendant and the Government have been unable to obtain copies of original documentation relating to the Defendant's conviction in the Circuit Court of Cook County, Illinois on February 14,1992. The parties appeared before the undersigned on October 29, 2009 for a hearing on the Defendant's Motion to Continue [Doc. 47]. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Kevin C. Angel appeared on behalf of the Defendant, who was also present.

1

At the hearing, Attorney Angel explained that, based on conversations with the Defendant and his review of the Certified Statement of Conviction/Disposition [Doc. 14-1] attached to the Notice of Enhancement [Doc. 14] filed by the Government in this case, he had reason to believe that the Defendant's February 14, 1992 conviction in the Circuit Court of Cook County was not in fact a felony conviction as alleged in the Notice of Enhancement. Attorney Angel pointed out that a "Change Priority Status - M" notation dated February 14, 1992 appears on the Certified Statement of Conviction/Disposition [Doc. 14-1]. Attorney Angel stated that his conversations with the Defendant and his review of the Defendant's sentence for a subsequent misdemeanor conviction in the Circuit Court of Cook County on November 22, 1995 led him to believe that the "Change Priority Status" notation on the Statement of Conviction/Disposition was meant to indicate that the February 14, 1992 conviction was for a misdemeanor, *not* a felony. Attorney Angel stated that he had made repeated inquiries to the Clerk of the Circuit Court of Cook County seeking a copy of the signed judgment entered on the February 14, 1992 conviction so that he could conclusively confirm or deny that the conviction was for a felony. Attorney Angel advised the Court that all of his inquiries were rebuffed and that he felt that he needed assistance from the Court to obtain copies of original documentation of the February 14, 1992 conviction. Attorney Angel concluded that the Defendant could not proceed with plea negotiations until he knew for certain whether the Government had a valid basis to support the Notice of Enhancement.

The Government did not object to the Defendant's Motion to Continue. The Government stated that it had also made unsuccessful efforts to obtain copies of original paperwork evidencing the nature of the Defendant's February 14, 1992 conviction. The Government indicated that it had no information suggesting that the Defendant's February 14, 1992 conviction was not a felony

conviction, and that it therefore did not intend to withdraw the Notice of Enhancement.

The Court finds that the Defendant has shown good cause for resetting the suppression hearing in this case and his Motion to Continue **[Doc. 47]** is **GRANTED**. The parties have agreed to appear for a status conference on **November 20, 2009, at 9:30 a.m.**, during which they will either proceed with presenting evidence and argument on the pending suppression motions or agree to reset the suppression hearing to a future date. The Court will immediately make its own inquiry into the nature of the Defendant's February 14, 1992 conviction in the Circuit Court of Cook County. The Court will inform the parties of any information relating to the conviction that it obtains.

With regard to other scheduling in this case, the final pretrial conference currently scheduled for November 20, 2009, at 11:00 a.m., will now occur concurrently with the status conference set for November 20, 2009, at 9:30 a.m. The plea negotiation deadline is extended to December 1, 2008. Trial before the Honorable Thomas A. Varlan, United States District Judge, remains set for December 8, 2009. The Court notes that, should the Defendant desire to have his suppression motions heard and resolved, a continuance of the trial will be required. The Court will consider whether there is a need for a trial continuance at the status conference on November 20, 2009.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue the suppression hearing **[Doc. 47]** is **GRANTED**;

(2) The parties will appear before the undersigned for a status conference on **November 20, 2009, at 9:30 a.m.,** during which they will either proceed with presenting evidence and argument on the pending suppression motions **[Docs. 36, 37, 38]** or agree to reset the suppression hearing to a future date;

(3) The final pretrial conference scheduled for November 20, 2009, at 11:00 a.m., is reset to be held concurrently with the status conference on **November 20, 2009, at 9:30 a.m.**;

(4) The plea negotiation deadline is reset to December 1, 2009; and

(5) The trial of this matter remains set to commence on **December 8, 2009**, before the Honorable Thomas A. Varlan, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

　　　s/ H. Bruce Guyton　　
United States Magistrate Judge

4