UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-150 |
| | ) | (VARLAN/GUYTON) |
| ERIC HIGGINS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant, Eric Higgins, is charged in a five-count indictment with various drug related offenses [*see* Doc. 13]. On May 8, 2009, defendant filed a Motion to Suppress Wiretap [Doc. 36], Motion to Suppress [Doc. 37], and Motion to Suppress Stop [Doc. 38]. Following an evidentiary hearing on January 26, 2010 before Magistrate Judge H. Bruce Guyton on the three suppression motions, defendant was permitted until February 19, 2010 to file supplemental memoranda. On February 19, 2010, defendant moved [Doc. 57] for an extension of this deadline. The Court granted the extension [Doc. 58], allowing defendant until March 12, 2010 to file supplemental memoranda. Defendant did not file any supplemental memoranda. On April 7, 2010, Magistrate Judge Guyton entered the Report and Recommendation (the "R&R") [Doc. 60], recommending that defendant's Motion to Suppress Wiretap [Doc. 36], Motion to Suppress [Doc. 37], and Motion to Suppress Stop [Doc. 38] be denied. This matter is now before the Court on defendant's objection [Doc. 64]

to the R&R, to which the United States has filed a response, requesting that the Court deny the objection and adopt the R&R in full [Doc. 65].

I.  **Standard of Review**

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which defendant has objected. In doing so, the Court has carefully considered Magistrate Judge Guyton's R&R [Doc. 60], the underlying briefs and other submitted materials [Docs. 26, 37, 38, 39], the parties' briefs on the pending objection [Docs. 64, 65], and the hearing transcript and relevant exhibits [Doc. 59; Exhibits 1-3]. For the reasons set forth herein, the Court will overrule defendant's objection and deny the motions to suppress [Docs. 36, 37, 38].

II. **Relevant Facts**

On March 24, 2006, the government filed under seal an application seeking authorization to tap a cellular telephone subscribed to by defendant [*see* Exhibit 1]. The application was supported by an affidavit by Special Agent Bethel Poston of the Drug Enforcement Administration ("Agent Poston") [*see id.*]. The Court issued an order authorizing the wiretap [*see id.*]. On April 14, 2006, the government filed under seal a second application and accompanying affidavit, also by Agent Poston, seeking authorization to tap a second cellular telephone subscribed to by defendant [*see* Exhibit 2]. The Court issued an order authorizing the second wiretap [*see id.*]. On April 21, 2006, the government filed under seal a third application and accompanying affidavit, also by Agent Poston, seeking authorization for an extension of the wiretap authorized by the Court on March 24,

2006 [*see* Exhibit 3]. The Court issued an order authorizing the extension [*Id.*]. Defendant's objection is to the first affidavit attested to by Agent Poston and filed in support of the government's March 24, 2006 application for a wiretap (referred to hereinafter as the "Affidavit") [*see* Exhibit 1].[1]

## III. Analysis

In the objection, defendant asserts that "a *Franks* hearing is necessary to determine the validity of the wiretaps authorized in this matter" [Doc. 64, p. 1], an assertion which pertains to defendant's Motion to Suppress Wiretap [Doc. 36]. Defendant asserts that the Affidavit likely contains deliberately false information or statements made with a reckless disregard for the truth and that if the Affidavit is stripped of the allegedly false statements, the remaining information would be insufficient to warrant probable cause for a wiretap. Defendant concludes his objection with the request that the Court hold a *Franks* hearing to determine the veracity of the statements in the Affidavit.

In response, the government asserts that defendant's objection is not an objection but an untimely motion for a *Franks* hearing which should be denied because the motion deadline in this case has expired and defendant was never given leave to file a new motion.

---

[1] Defendant's objection does not mention the other two applications and accompanying affidavits and does not mention Magistrate Judge Guyton's treatment and/or recommendation regarding defendant's Motion to Suppress [Doc. 37] and Motion to Suppress Stop [Doc. 38]. Accordingly, because defendant has not specifically objected to any other portion of the R&R, the Court will only consider the portions of the R&R pertaining to the Motion to Suppress Wiretap [Doc. 36], specifically, the March 24, 2006 Affidavit of Agent Poston.

To the extent defendant has even stated an objection to the R&R, the government requests that defendant's objection be denied and the R&R adopted in full [Doc. 65].

### A. *Franks*

Defendant's argument is premised on *Franks v. Delaware*, 438 U.S. 154 (1978), which provides:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Franks*, 438 U.S. at 155-56. Thus, "[t]he defendant has the burden of showing deliberate falsehood or reckless disregard for the truth by a preponderance of the evidence." *United States v. Zimmer*, 14 F.3d 286, 288 (6th Cir. 1994) (citing *Franks*, 438 U.S. at 156). Thus, a defendant's allegations of deliberate falsehood or reckless disregard for the truth must be more than conclusory, accompanied by an offer of proof, and supported by more than a mere desire to cross-examine. *Franks*, 438 U.S. at 171.

**B.     Defendant's Objections**

Defendant first objects that the following statements cannot be reconciled with the circumstances of this case: "[n]ormal investigative procedures . . . [have been] marginally successful or have failed, [and] are unreasonably likely to succeed if attempted or too dangerous . . . ." and "[m]embers of this cocaine distribution organization have protected themselves well from law enforcement investigation" [Exhibit 1, ¶¶ 10, 35]. Defendant asserts that these statements cannot be reconciled because defendant was alleged to have sold and fronted cocaine to an informant, referred to as CS-4, and CS-4 voluntarily allowed agents to monitor telephone conversations with defendant within three months of the issuance of the wiretap. Thus, defendant asserts, the actions of CS-4 show that the alternative investigative techniques were "working," a fact which contradicts the statements in paragraphs 10 and 35 of the Affidavit.

The Court does not agree. Section 2518(1)(c) requires that an application for a wiretap for electronic surveillance include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or be too dangerous." 18 U.S.C. § 2518(1)(c). An application for a wiretap satisfies § 2518(1)(c) if it serves to inform the court to which it was made "of the reasons for the investigators' belief that such non-wiretap techniques have been or will likely be inadequate." *United States v. Lambert*, 771 F.2d 83, 91 (6th Cir. 1985).

Paragraph 56 of the Affidavit states that while confidential sources have been developed, used, and will continue to be developed and used in regard to the investigation

of defendant, "[n]o cooperating source . . . has been able to furnish information that would identify fully all members of this ongoing criminal conspiracy or define the roles of those conspirators sufficiently for prosecution[,]" and no source has been able to reveal the full scope of the organization and the activities surrounding its day-to-day operations [Exhibit 1, ¶ 56]. Upon the Court's review of the Affidavit, it is evident that the information supplied by CS-4 was useful to the investigation of defendant. However, the fact that this information was useful to the investigation does not contradict Agent Poston's assertion that alternative investigative techniques were only marginally successful and other investigative techniques—such as electronic surveillance—were deemed necessary. Thus, the Court does not find these statements to be deliberately false or made with reckless disregard for the truth.

Defendant next objects that statements in the Affidavit are inconsistent with Agent Poston's testimony at the evidentiary hearing because the Affidavit states that it was difficult to conduct physical surveillance of defendant, while at the hearing, Agent Poston testified that he and other agents were able to watch defendant "many times" and were also able to watch "other drug transactions[.]" [Doc. 59, pp. 18-19]. As a second example of an inconsistency, defendant argues that the subsequent applications for search warrants contain details of substantial physical surveillance of defendant and these incidents of physical surveillance are "suspicious" given the short time between the placing of the wiretap and defendant's arrest.

The Court disagrees with this argument as well. In paragraphs 38 through 41, the Affidavit gives a detailed explanation of the reasons why the physical surveillance of defendant was limited and only marginally successful [Exhibit 1, ¶¶ 38-41]. The fact that physical surveillance was utilized during the investigation and was only partially successful in revealing the comings and goings of suspected members of the drug organization does not warrant the conclusion that physical surveillance alone would successfully supply the information and evidence sought by the wiretap.[2] Further, court authorization of electronic surveillance does not mean that alternative investigative techniques—such as physical surveillance—ceases. Thus, the Court cannot conclude that these statements regarding physical surveillance were deliberately false or made with reckless disregard for the truth. Further, defendant has offered no proof for what he refers to as his "suspicions" that were raised because of the physical surveillance in the subsequent applications for wiretaps and the Court finds no reason why such suspicions are justified.

Defendant also objects that several statements and conclusions in the Affidavit constitute inappropriate use of the wiretap statutes. Specifically, defendant points to the statement that "[a] federal or state level prosecution of these purchases, in your affiant's opinion, would not yield enough potential penalty to entice [defendant] to cooperate with the government and reveal his source of supply and all co[-]conspirators" [Exhibit 1, ¶ 35], and

---

[2] The Affidavit states that "[p]hysical surveillance, even if it is marginally successful, is of limited value, unless it is used in conjunction with other techniques, including electronic surveillance." [Exhibit 1, ¶ 40]

Agent Poston's statement that he does not believe defendant would cooperate when arrested [*Id.* ¶ 43].

The Court does not find these statements to be inappropriate. Located in the section of the Affidavit describing the unavailability of alternative investigative techniques, these statements simply pertain to Agent Poston's belief that if defendant were to be arrested he would be unlikely to testify in a trial against a co-conspirator and unlikely to cooperate or identify other members of the conspiracy. Because such cooperative testimony by a member of a drug organization is an investigative technique that is often used to gain information regarding co-conspirators in a drug organization, these statements clearly relate to Agent Poston's explanation as to why alternative investigative techniques have been or are likely to be inadequate in this investigation. *See Lambert*, 771 F.2d at 91 (stating that 18 U.S.C. §§ 2518(1)(c) and (3)(c) does not require the exhaustion of "every conceivable non-wiretap investigative technique"). All that is required in an affidavit is that "the investigators give serious consideration to non-wiretap techniques prior to applying for wiretap authority." *Id.* These statements clearly demonstrate Agent Poston's consideration of alternative investigative techniques and describe his belief that interviewing defendant for useful information in prosecuting other members of the conspiracy would not work. The Court can discern no reason or proof as to why these statements are deliberately false or made with reckless disregard for the truth.

Last, defendant objects that the Affidavit overstates the need for a wiretap because: it states that the wiretap is necessary to locate other residences or "stash" locations and none

were actually located; it asserts that a wiretap was necessary to dismantle the entire organization and only defendant and his brother were prosecuted; and because the wiretap did not actually lead to more prosecutions or other evidence, only evidence that bolstered evidence the government already had.

The Court disagrees. Applications for wiretap warrants and supporting affidavits cannot utilize the benefit of hindsight and do not mirror what actually results or is obtained through the wiretap. Rather, the standard is "whether there is probable cause to believe that evidence of a crime will be uncovered." *United States v. Alfano*, 838 F.2d 158, 161-62 (6th Cir. 1988). For instance:

> [C]ertainty is not required at this stage, and the exact quantum of support has frequently been described as a 'fair probability,' but more than a 'mere suspicion,' that such evidence will be discovered. Facts can amount to a fair probability without being proof beyond a reasonable doubt or even a *prima facie* showing.

*Alfano*, 838 F.2d at 161-62 (quoting *Illinois v. Gates*, 462 U.S. 213, 235 (1983). Here, defendant's after-the-fact argument regarding the scope and goal of the wiretap as stated in the Affidavit does not indicate a lack of probable cause or that these objected to statements were deliberately false or made with reckless disregard for the truth.

### IV. Conclusion

For the reasons given above, the Court **OVERRULES** defendant's Objection to Magistrate's Recommended Findings and Rulings [Doc. 64], **DENIES** defendant's request for a *Franks* hearing, and **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 60] of Magistrate Judge Guyton. Accordingly, defendant's Motion to Suppress Wiretap

[Doc. 36], Motion to Suppress [Doc. 37], and Motion to Suppress Stop [Doc. 38] are hereby **DENIED**.

IT IS SO ORDERED *NUNC PRO TUNC* May 6, 2010.

                                            s/ Thomas A. Varlan
                                            UNITED STATES DISTRICT JUDGE