UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-150-TAV-HBG |
| | ) | |
| ERIC HIGGINS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's motion for a sentence reduction [Doc. 118]. In his motion, defendant requests that the Court resentence him pursuant to Section 404 of the First Step Act. Although it concedes that defendant is eligible for a sentence reduction, the government responded in opposition [Doc. 119]. The government urges the Court to deny defendant's request based on the fact that the government agreed—as part of plea negotiations that included an agreed-upon sentence of 180 months under Fed. R. Crim. P. 11(c)(1)(C)—to withdraw a § 851 enhancement and to dismiss additional charges against defendant, both of which would have subjected defendant to significantly more time in prison.

**I.    Background**

On October 7, 2018, defendant was charged with five counts in the indictment: conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

§ 924(c) (Counts Two and Four); distribution of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Three); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Five) [Doc. 13]. In addition, the government filed an Information to establish defendant's prior felony drug conviction under 21 U.S.C. § 851, which would have subjected him to an enhanced, mandatory minimum sentence of twenty years' imprisonment [Doc. 14].

Defendant ultimately pleaded guilty to Counts One, Two, and Five in the indictment [Doc. 73]. At the time, defendant's drug offense required a mandatory minimum of ten years based on the drug quantity for which he was responsible,[1] to be followed by the five-year mandatory minimum for the firearms offense. As part of the plea agreement, the parties agreed that defendant should receive a sentence of 180 months' imprisonment, consisting of 120 concurrent months for Counts One and Five and a consecutive 60 months on Count Two, plus a five-year term of supervised release, pursuant to Rule 11(c)(1)(C) [*Id.* ¶ 6]. The government further agreed to dismiss the remaining counts against defendant in the indictment[2] and to withdraw its § 851 Notice of Enhancement [*Id.* ¶¶ 2, 6; Doc. 74]. At the sentencing hearing on May 20, 2011, the Court accepted the parties' plea agreement and sentenced defendant to the agreed-upon 180 months' imprisonment, to be followed by five years of supervised release [Doc. 85].

---

[1] Defendant was held accountable at sentencing for 145.94 grams of crack cocaine and 151.5 grams of cocaine hydrochloride.

[2] Had defendant been convicted of the second § 924(c) violation, he would have been subject to an additional, consecutive 25 years' imprisonment.

After defendant was indicted but before he pleaded guilty, The Fair Sentencing Act of 2010 ("FSA") was enacted, which amended 21 U.S.C. § 841 to require larger quantities of crack cocaine to trigger mandatory minimum sentences. Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010). In particular, the FSA amended the sentencing provisions in § 841(b)(1) by raising the amount of cocaine base necessary to trigger the ten-year mandatory minimum from 50 to 250 grams and the amount necessary to trigger the five-year mandatory minimum from 5 to 28 grams. FSA § 2, 124 Stat. at 2372. At the time, the law was silent on whether the amended provisions applied to defendants convicted before, but sentenced after, its enactment; however, the Supreme Court later held that the FSA's lowered mandatory minimums did apply to defendants who committed the offense before but were sentenced after the FSA's enactment. *Dorsey v. United States*, 567 U.S. 260 (2012). Defendant subsequently filed a motion to vacate, set aside, or correct his sentence based, in part, on the holding in *Dorsey*, however, the Court denied defendant's motion for—among other reasons—failure to assert a cognizable basis for collateral relief [Doc. 113].

Section 404 of the First Step Act, enacted on December 21, 2018, now authorizes courts to apply the FSA's reduced statutory penalties to defendants who committed a "covered offense" before August 3, 2010, even if they were *sentenced* before the FSA's enactment. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). A defendant may move for relief under the First Step Act by filing a motion under 18 U.S.C. § 3582(c)(1)(B),

3

which provides that a court "may modify an imposed term of imprisonment to the extent . . . expressly permitted by statute." Defendant does so here.

## II. Analysis

The parties agree that the First Step Act applies to defendant and that he is eligible for a sentence reduction. Having pleaded guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, the new statutory range applicable to defendant on Count One is five to forty years' imprisonment under 21 U.S.C § 841(b)(1)(B), rather than the previously-applicable ten-year mandatory minimum under § 841(b)(1)(A). Despite this, the government urges the Court to decline to exercise its discretion to modify defendant's sentence based on the parties' agreement that a 180-month sentence was appropriate for his offenses [Doc. 119 p. 7].[3] The government especially highlights the concessions it made during plea negotiations—namely, the dismissal of the additional § 924(c) count and withdrawal of its § 851 enhancement—which would have subjected defendant to significantly increased penalties. Conversely, defendant requests a reduced sentence of 120 months' imprisonment, consisting of the new five-year mandatory minimum on Counts One and Five and the consecutive five-year minimum on Count Two.

---

[3] The government is careful to point out that it does not argue that a Rule 11(c)(1)(C) plea agreement precludes a sentence reduction, citing *Hughes v. United States*, 138 S. Ct. 1765 (2018) (holding that a defendant who pleads guilty pursuant to a "Type-C" plea agreement may still be eligible for a sentence reduction based on a retroactive amendment to the Sentencing Guidelines if the guideline range was "part of the framework the district court relied on in imposing the sentence"). Indeed, defendant argues that the rationale in *Hughes* "is even stronger where the statutory minimum mandatory sentences have been altered" as they have under the First Step Act [Doc. 118 p. 7].

4

Defendant further requests that the Court reduce his term of supervised release from five to three years.[4]

Although a defendant may be eligible for a reduction under the First Step Act, the Court nevertheless retains discretion to determine whether and to what extent a sentence modification should be granted. *See* 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to [section 404]."). In exercising that discretion, the Court will again consider the factors outlined in 18 U.S.C § 3553(a). *See* 18 U.S.C. § 3582(a); *United States v. Doe*, 351 F.3d 929, 933 (9th Cir. 2003) (holding that a district court may consider the § 3553(a) factors in determining whether to grant a motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(B) and Fed. R. Crim. P. 35(b)). *See also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited June 14, 2019) ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing").

As an initial matter, the Court determines that factors similar to the ones that applied at defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and

---

[4] Although the First Step Act also changed the minimum mandatory term of supervised release for defendant's drug offense from five to three years, the government points out that defendant "remains subject to a five-year term of supervised release for his § 924(c) violation" [Doc. 119 p. 7 n. 6].

circumstances of defendant's offenses and defendant's history and characteristics. As reflected in the Presentence Investigation Report ("PSR") and the plea agreement, defendant was involved in a conspiracy involving the purchase and sale of cocaine and cocaine base [PSR ¶¶ 19–21; Doc. 73 ¶ 4]. In the course of and in furtherance of that conspiracy, defendant also possessed a firearm and concealed the proceeds of his drug-related activities by laundering money [*Id.*]. Although defendant's criminal history score at sentencing was I, his prior drug-related convictions in 1991 and 1993 and several arrests for serious incidents of domestic violence are noteworthy [PSR ¶¶ 48–62].

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment.[5] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as the result of any reduction in defendant's sentence, the seriousness of defendant's offenses, and the need to protect the public. *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

---

[5] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

Defendant states—and the government acknowledges—that defendant has not incurred any disciplinary sanctions while in custody. Defendant further provides that he has worked in several trusted positions, received positive work reports, and taken advantage of several educational and vocational training opportunities. While the Court commends defendant for the progress he has made while in custody, after considering the First Step Act and the relevant § 3553(a) factors, the Court finds that a reduction in defendant's sentence is not appropriate at this time. In making this determination, the Court is particularly influenced by defendant's offense conduct and criminal history, as well as his agreement at sentencing that a sentence of 180 months was appropriate. The Court has also taken into consideration the significant concessions made by the government in dismissing certain charges and withdrawing its § 851 enhancement, and the related need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.

## III. Conclusion

For the reasons stated herein, defendant's motion [Doc. 118] is **DENIED**. All provisions of the judgment dated May 31, 2011 [Doc. 85] shall remain in effect.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE